ROCKINGHAM, MARCH, 1878.*

---

WIGGIN *v.* WIGGIN.

A bought land for B, with the understanding, which was not expressed in writing, that B should have a deed of it upon payment of the price, which B subsequently paid. A deed of the land from A to B, executed by A but never delivered to B, was, without the knowledge or assent of A, recorded. Equity will not, in such circumstances, interfere to disturb the title of B.

A tenant, who accepts a lease under an entire misapprehension of its purport and effect, is not estopped to deny the title of his landlord.

IN EQUITY. The plaintiff, James S. Wiggin, and the defendant, Ann M. Wiggin, are brother and sister, children of Hetta Wiggin. In 1834, one Hilton conveyed to the plaintiff a lot of land upon which Hetta moved about the time of the conveyance, and which she occupied until her death. In 1842, the plaintiff executed and delivered

* DOE, C. J., was not present at this term.

to Hetta a life lease of the premises. The lease was recorded. In 1846 he executed a deed of the premises to her. The deed, for some purpose, by the act of the grantor, passed into the possession of his brother, who, in 1859, caused it to be recorded. In 1862 (Hetta having died in 1861), the plaintiff, without any request or suggestion on the part of the defendant, executed and delivered to her a life lease of the premises. The defendant testified that she understood the lease was, in legal effect, a lease of the plaintiff's share, only, of the premises inherited by him from Hetta, of which (she supposed) Hetta had been the owner from 1846 to the time of her death.

In 1874, all the surviving children of Hetta, except the plaintiff, gave the defendant a quitclaim deed of the premises.

The prayer of the bill is, that the alleged deed of 1846, from the plaintiff to Hetta, may be adjudged null and void; that the defendant may be enjoined from making any claim to the land under the deed, and may be ordered to release to the plaintiff all her claim under that deed and the deed of 1874, and for general relief. Upon issues drawn, by order of the court, the jury, upon competent evidence, found (1) that the plaintiff bought the land in 1834 for Hetta, with an understanding that she should have a deed of it when she paid for it; (2) that she paid for it; and (3) that the deed of 1846 was never delivered.

The understanding between Hetta and the plaintiff, that the land was to be hers when she paid for it, was not put in writing, and there was no such written evidence of it as is required by the statute of frauds in relation to real estate. On that ground the plaintiff excepted to the refusal of the court to instruct the jury that there was no competent evidence on which the first issue could be found for the defendant. The plaintiff also excepted to the refusal of the court to instruct the jury that the defendant is estopped, by the acceptance of the lease, to deny the plaintiff's title; and to the refusal of the court to reject the first and second issues, as immaterial, and moved for a decree, and for a new trial.

*Wiggin*, for the plaintiff.

*Stickney* and *Marston*, for the defendant.

FOSTER, J. If the first and second issues were properly submitted to the jury, their verdict establishes the fact that the plaintiff bought the land in 1834, for his mother, Hetta Wiggin, with the mutual understanding that he should convey it to her, upon the performance of conditions which she performed, whereby she became entitled to a deed which ought to have been, but never was, delivered.

The agreement on the part of the plaintiff's mother was fully performed by payment of the whole consideration, and by the exercise of possession under the agreement; and although the statute of frauds (Gen. St., *c.* 121, *s.* 13) is ordinarily a good bar, in equity as well as

at law, to a suit on a parol contract respecting lands, it may not be interposed to relieve one party from the performance of a parol agreement, on his part, which has been fully executed by the other party. On the contrary, courts of equity will enforce a specific performance of a contract within the statute, where the parol agreement has been executed by one party, in the confidence that the other party would do the same; " for, otherwise, the statute would become an instrument of fraud for designing parties." Story's Eq. Jur., *ss.* 759, 760, 1522; Bigelow on Fraud 385, 389; Adams's Equity *86; 1 Mad. Ch. *303, *304; *Newton* v. *Swazey*, 8 N. H. 9, 13; *Tilton* v. *Tilton*, 9 N. H. 385; *Ayer* v. *Hawkes*, 11 N. H. 154; *Burnham* v. *Porter*, 24 N. H. 580; *Kidder* v. *Barr*, 35 N. H. 235, 255. The entry of Hetta Wiggin into possession under the agreement would be the act of a wrong-doer, for which she would be liable in damages if she were not entitled to be protected by the complete execution of the agreement. *Ham* v. *Goodrich*, 33 N. H. 32; Adams's Equity, before cited.

If the circumstances are such that the plaintiff, upon proceedings for that purpose, could be held to a specific performance of his agreement with Hetta, clearly he is in no condition to ask for the aid which he seeks by this bill. The first and third exceptions are overruled.

And the second exception is no more available. Doubtless, no rule is better settled than that a tenant will not be permitted to dispute the title of his landlord. *Galloway* v. *Ogle*, 2 Bin. 468; *Caufman* v. *Congregation of Cedar Spring*, 6 Bin. 59, 62; *Blight's Lessee* v. *Rochester*, 7 Wheat. 535, 547; 6 Am. Law Rev. 10. If the tenant has recognized his landlord's title by accepting a lease, by the payment of rent, or the like, he will be estopped during the term from disputing it, although want of title may appear from the plaintiff's own evidence. *Russell* v. *Fabyan*, 27 N. H. 529, 537; *Plumer* v. *Plumer*, 30 N. H. 558, 567; *Hatch* v. *Bullock*, 57 N. H. 15.

But this general rule is subject to exceptions. Its origin and limits are obscure, and not well defined. 6 Am. Law Rev. 1; 2 Sm. L. C. (4th Am. ed.) 569. The estoppel, in modern practice, is regarded as an equitable rather than a legal estoppel. It did not exist at common law, unless the lease were by deed indented, when the estoppel arose from the indenture and not from the tenancy. Courts of equity deal with such estoppels upon equitable principles and considerations. They will be favored, if equity requires their favorable consideration; they are " odious," if manifestly productive of fraudulent or inequitable results. The doctrine applies whenever the lessee is seeking to keep the land, in violation of the agreement under which its possession was acquired, or when the acceptance of the lease has prevented the landlord from obtaining a possession which he was entitled to have and would otherwise have gained, but not when a tenant, already in possession, agrees to hold of another under the mistaken impression that he has a good title; much less when the assent of the tenant is procured through fraud or misrepresentation on the part of the landlord, or where the tenant accepts the lease under an entire misunder-

standing of its purport and effect. Bigelow on Estoppel. 389, 392, 393 ; 6 Am. Law Rev. 26–28 ; 1 Smith L. C. (4th Am. ed.) 413. A court of equity will investigate all the circumstances, and will enforce or reject the estoppel, as equity may require. *Hall* v. *Benner*, 1 Pa. 402 ; *Hockenbury* v. *Snyder*, 2 W. & S. 240 ; *Brant* v. *Va. Coal & Iron Co.*, 3 Otto 326, 335–337. .

It does not appear that the plaintiff has been induced to change his position by any declaration or conduct of the defendant, and in such case there is no estoppel. *Corser* v. *Paul*, 41 N. H. 25 ; *Stevens* v. *Dennett*, 51 N. H. 324, 333, 334.

The lease from the plaintiff to Hetta, in 1842, was a lease of her own land, purchased by the plaintiff from Hilton in 1836, and held by the plaintiff in trust for Hetta ; and, whatever might have been the effect of the lease upon her or her heirs if no subsequent deed of the premises had been executed, the lease was superseded by that deed, executed in pursuance of the understanding that she was entitled to such a deed upon payment of the money advanced by the plaintiff to Hilton upon the purchase of the land.

The defendant not seeking specific performance of any duty of the plaintiff, but only resisting his attack upon her title, derived from her mother's recorded deed and the quitclaim of the other heirs, is not affected by the statute of limitations. The second exception is overruled.

The substance of the verdict is, that, although a deed was not delivered by the plaintiff to his mother, it ought to have been. The plaintiff comes into court seeking equity, and he must do that which he seeks. Equity will not remove the cloud from his title, because he does not offer to do equity, which requires that he should offer to convey by quitclaim to the defendant the whole title, except such part as he has inherited, or could have inherited from his mother and her deceased heirs if the deed had been delivered.

*Bill dismissed.*